■ In the Matter of the Claim of ARTHUR ZEDLER, Respondent, v. JACOB RUPPERT et al., Appellants, and SPECIAL FUND FOR REOPENED CASES, Respondent. WORKMEN'S COMPENSATION BOARD, Respondent.— HERLIHY, P. J. Appeal by the employer and its insurance carrier from a decision of the Workmen's Compensation Board filed August 8, 1968 as amended by a decision filed March 21, 1969, which held that the Special Fund for Reopened Cases under section 25-a of the Workmen's Compensation Law was not liable for an award to the claim-

ant. A hearing Referee closed the claimant's case on May 25, 1967 for the failure of the claimant to appear and prosecute his claim. When the case was "closed" in May of 1967 more than three years had passed since the last payment of compensation and more than seven years had passed from the date of claimant's accident, however the original application for reopening was made within the three and seven year limitations. The appellants contend that the May, 1967 closing brought the case within section 25-a of the Workmen's Compensation Law and cite, *inter alia*, *Matter of Berlinski* v. *Congregation Emanuel of City of N. Y.* (29 A D 2d 1036). The board in the amended decision appealed from held that the case was not "reopened" within the meaning of said section 25-a, but was merely restored to the calendar to provide claimant a proper opportunity to appear after being closed in May of 1967, upon advice of claimant's counsel that the notices of hearing had been sent to the wrong address. The rules relied upon by the respondent Special Fund are inapplicable to the present case because the claim for reopening was filed prior to the time when Special Fund liability would attach. The *Berlinski* case emphasized that where the right of the claimant to receive compensation will not be prejudiced, the liability for such compensation will be imposed upon the Special Fund *if the claim for reopening is in fact made after* the three and seven year limitations. Where the claim is made within the three and seven year limitations the effect of subsequent proceedings thereon falls within the power of the board pursuant to sections 123 and 150 of the Workmen's Compensation Law. In the present case the board, upon being apprised of additional facts, exercised its continuing jurisdiction to direct hearings on the claim and we cannot say that this was erroneous as a matter of law. The contentions of the appellants in regard to the failure of Special Fund to take or initiate an appeal from the Referee's decision are without merit. Decision affirmed, with costs to respondent Special Fund. Herlihy, P. J., Staley, Jr., Greenblott, Cooke and Sweeney, JJ., concur in memorandum by Herlihy, P. J.